CITY OF BOSTON *vs.* ELEANOR DE GRASSE & others.

Suffolk.   November 10, 1944. — January 5, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Taxation*, Real estate tax: tax deed. *Deed*, Validity, Tax deed, Recording and registration. *Real Property*, Registered land: unregistered document.

Under G. L. (Ter. Ed.) c. 4, § 7, Seventeenth, a recording of a tax deed of registered land as though it were unregistered is not a compliance with the provisions of c. 60, § 45, as amended by St. 1938, c. 339, § 1, requiring that it shall be "recorded."

A tax deed to a city of registered land conveyed no title where it was merely recorded as though the land were unregistered, and such deed was no impediment to a taking of the land for nonpayment of the tax for a subsequent year.

PETITION, filed in the Land Court on July 21, 1942.

The case was heard by *Cotton*, J.

*J. F. Sullivan*, for the respondents.

*S. S. Dennis*, Assistant Corporation Counsel, (*W. H. Kerr* with him,) for the petitioner.

LUMMUS, J.   This is a petition to the Land Court under G. L. (Ter. Ed.) c. 60, § 65, as amended, by a municipality claiming to be the holder of a tax title, for the foreclosure of all rights of redemption in a parcel of land the title to which was registered under G. L. (Ter. Ed.) c. 185.   From a "decision" in favor of the petitioner, the respondents, persons having interests in the land, appealed. *Harrington* v. *Anderson*, 316 Mass. 187, 192.

The facts are as follows.   The tax title, the right to redeem from which the petitioner seeks to foreclose, was acquired by the petitioner by a tax taking on January 18, 1939, duly registered on March 4, 1939, for nonpayment of the tax for the year 1937 upon the land described in the petition, assessed to Rosie Garmarnick, who then owned the equity of redemption.   On April 13, 1937, the petitioner had bought the same land at a tax sale for nonpayment of

the tax for the year 1935. The tax deed was dated April 26, 1937, and was recorded in the registry of deeds as though the land were unregistered. On April 25, 1938, the taxes for 1935 and 1936 were paid by a mortgagee, and the treasurer of the petitioner gave the mortgagee a release of the interest of the petitioner under the tax deed dated April 26, 1937, and this release was recorded in the registry of deeds as though the land were unregistered.

With certain exceptions not material to this case (G. L. c. 60, § 61A, inserted by St. 1943, c. 188), a municipality holding a tax title cannot acquire a second tax title upon the same land. G. L. (Ter. Ed.) c. 60, § 61, as last amended by St. 1936, c. 93, § 1. *Landers* v. *Boston*, 267 Mass. 17. *Boston* v. *Jenney*, 282 Mass. 168. *Snow* v. *Marlborough*, 301 Mass. 422. *Quincy* v. *Wilson*, 305 Mass. 229. *Boston* v. *Barry*, 315 Mass. 572, 576.

The tax deed dated April 26, 1937, was not valid "unless recorded within sixty days after the sale," which took place on April 13, 1937. G. L. (Ter. Ed.) c. 60, § 45, as last amended by St. 1938, c. 339, § 1. *Wood* v. *Wilson*, 256 Mass. 340. A tax deed not so recorded conveys no title whatever. *Powers* v. *Radding*, 225 Mass. 110, 114, 115. *Wood* v. *Wilson*, 256 Mass. 340, 342. It is not prima facie evidence of the facts essential to its validity. G. L. (Ter. Ed.) c. 60, § 45, as last amended by St. 1938, c. 339, § 1. By G. L. (Ter. Ed.) c. 4, § 7, Seventeenth, the word "'recorded', as applied to plans, deeds or other instruments affecting land, shall, as affecting registered land, mean filed and registered." See also G. L. (Ter. Ed.) c. 185, § 84. In this case the recording, as though the land were unregistered land, of the tax deed dated April 26, 1937, was not a compliance with the statute, and the deed was of no effect as a conveyance. The petitioner took no tax title under that deed, and that deed was no impediment to the subsequent tax taking on January 18, 1939. *Quincy* v. *Wilson*, 305 Mass. 229, 231. The present point was not taken in that case, which is not to be taken as an authority to the contrary of the present decision.

We need not discuss the effect of the release to the mort-

gagee of any interest acquired by the petitioner under the tax deed dated April 26, 1937, for it is clear that by that deed the petitioner acquired nothing.

*Decision affirmed with costs.*