CITY OF NEWTON *vs.* AVA M. NOONE & another.

Middlesex.    November 6, 7, 1945. — March 28, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Taxation*, Real estate tax: tax title, tax deed, foreclosure of right of redemption. *Deed*, Validity, Tax deed, Recording and registration. *Real Property*, Registered land: unregistered document.

A tax deed to a city of registered land was void where it was not seasonably registered but merely was recorded as though the land were unregistered.

A void tax deed received by a municipality upon a sale of land for nonpayment of the tax for a certain year was no impediment to a later taking of the land for nonpayment of the tax for a subsequent year.

Respecting the right of a municipality to maintain a proceeding to foreclose the right of redemption from a tax title acquired for nonpayment of the tax for a certain year, it was immaterial that there was still pending another similar proceeding based on an invalid tax title previously acquired for nonpayment of the tax for an earlier year, or whether the earlier supposed tax title had been disclaimed, or, in the absence of any further sale or taking for the earlier tax, whether the lien of that tax had been preserved.

The mere preservation of the lien of the real estate tax for a certain year, without a valid sale or taking for that tax, does not preclude a valid sale or taking for nonpayment of the tax for a later year.

PETITION, filed in the Land Court on October 25, 1939.

The case was heard by *Fenton*, J. The respondent Natick Five Cents Savings Bank alleged exceptions following a decision for the petitioner.

*W. R. Bigelow*, for Natick Five Cents Savings Bank.

*R. C. Thulin*, for the petitioner.

LUMMUS, J. This is a petition, brought in 1939, by the city of Newton to foreclose all rights of redemption in a parcel of registered land taken by the city in 1937 for non-

payment of the tax of 1932. A mortgagee defends. The city had received a tax deed in 1932 upon a tax sale for nonpayment of the tax of 1931, but had mistakenly recorded that deed as though the land were not registered, and consequently that deed became void because not seasonably registered. *Boston* v. *De Grasse*, 317 Mass. 523. That tax deed therefore constituted no impediment to the tax taking in 1937 for nonpayment of the tax of 1932, upon which the present petition is based. *Boston* v. *De Grasse, supra.* The judge decided for the petitioner.

It is immaterial that in 1935 the city brought a petition to foreclose all rights of redemption from the earlier supposed tax title, and that that petition remained pending in the Land Court until 1944. It is also immaterial whether that earlier supposed tax title was ever lawfully disclaimed under G. L. (Ter. Ed.) c. 60, § 84, as appearing in St. 1935, c. 260, or whether the lien for the 1931 tax has been preserved. See G. L. (Ter. Ed.) c. 60, § 37, as appearing in St. 1943, c. 478, § 1; c. 60, § 84, as appearing in St. 1935, c. 260; *Quincy* v. *Wilson*, 305 Mass. 229, 232. No further sale or taking for the tax of 1931 has been made. Not the continuance of a lien for the tax of 1931, but a valid purchase or taking for that tax by the city, precludes a sale or taking for nonpayment of the tax of a later year. G. L. (Ter. Ed.) c. 60, § 61, as amended by St. 1936, c. 93, § 1. *Boston* v. *Barry*, 315 Mass. 572, 575, 576. *Boston* v. *De Grasse*, 317 Mass. 523, 524. We need not consider the effect of a possible sale or taking, after 1937, for nonpayment of the tax of 1931, for there was no such sale or taking.

The defence offered by the mortgagee is therefore unfounded. What has been said disposes of its requests for rulings.

*Exceptions overruled.*