CITY OF LOWELL *vs.* MARDEN & MURPHY, INC., & another.

Middlesex.   December 4, 1946. — September 11, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Taxation*, Real estate tax: tax title, abatement, assessment, taking. *Notice. Words*, "Public place."

An enhancement of the assessed value of real estate by an erroneous inclusion of the value of certain water power would not furnish the landowner a ground for attacking the validity of a tax title acquired for nonpayment of the resulting tax; his sole remedy was by seeking an abatement.

A tax title was not invalid on the alleged ground that the landowner had had no opportunity to secure an abatement in that the Appellate Tax Board had dismissed his appeal for want of jurisdiction under G. L. (Ter. Ed.) c. 59, § 65B, in view of his failure to pay the specified portion of the tax as a condition of appeal to the board from the assessors.

An assessment of real estate by a description which fairly identified the property on the assessment book was not invalid because of an error in the statement of its area.

After 1936 an assessment of a tax on real estate to the holder of a tax title thereon would be invalid.

The men's reading room of the public library of a city, from which it did not appear women were excluded, was, within G. L. (Ter. Ed.) c. 60, § 53, as appearing in St. 1933, c. 164, § 3, a "public" place to post a notice of intention of a tax collector to take land for nonpayment of taxes.

A fact as to the posting of a notice of intention of a tax collector to take land for nonpayment of taxes may be proved apart from his affidavit.

Contiguous parcels of real estate owned by the same person but separately assessed cannot be validly taken as a unit for nonpayment of an aggregate tax upon them.

PETITION, filed in the Land Court on August 21, 1944.

The case was heard by *Fenton*, J.

*W. I. Morse & B. E. Eames*, for the respondent Marden & Murphy, Inc.

*R. D. O'Brien*, for the petitioner.

*S. S. Dennis*, Assistant Corporation Counsel, *W. H. Kerr & L. Goldblatt*, by leave of court, submitted a brief as amici curiae.

LUMMUS, J. This is a petition filed in the Land Court on August 21, 1944, to foreclose all rights of redemption in four parcels of land in Lowell which were taken by the petitioner on August 17, 1942, for the nonpayment of taxes for the years 1933 to 1941, both inclusive. G. L. (Ter. Ed.) c. 60, § 65, as amended by St. 1933, c. 325, § 12, and by St. 1938, c. 305. Four parcels were taken, as follows: parcel 1, eighty-nine thousand seventy-nine square feet, located northerly of Jackson Street; parcel 2, forty-nine thousand six hundred twenty-nine square feet, located northerly of Jackson Street; parcel 3, nine thousand nine hundred forty-four square feet, located southerly of Jackson Street; and parcel 4, three thousand two hundred fifteen square feet, located southerly of Jackson Street. No two of these four parcels are contiguous to each other. Marden & Murphy, Inc., the owner, and Hamilton Company, a mortgagee, appeared and answered. The Land Court decided in favor of the petitioner as to parcels 2, 3 and 4, and against it as to parcel 1. Both the petitioner and Marden & Murphy, Inc., appealed. Since no other respondent appeared or argued in this court, Marden & Murphy, Inc., will hereinafter be called the respondent.

The first point taken by the respondent is that in the assessment of parcels 1 and 2 the respondent was assessed for water power that it did not own. But the water power was not assessed as a separate piece of property. Its value merely enhanced the value of the land, as in other cases in which valuable water power has been considered for purposes of taxation. *Essex Co.* v. *Lawrence,* 214 Mass. 79, 90, 91. *Assessors of Lawrence* v. *Arlington Mills,* 320 Mass. 272, 276. If the inclusion of the value of the water power was wrong, the only remedy of the respondent was by a petition for abatement. *Central National Bank* v. *Lynn,* 259 Mass. 1, 7, *S. C.* 266 Mass. 145. *Codman* v. *Assessors of Westwood,* 309 Mass. 433, 435.

The respondent contends that the tax taking for the taxes of 1938 and 1939 was invalid because the respondent had had no opportunity to obtain a reduction in the valuation. It is not disputed that the tax was greater than the amount for

which an abatement might be sought without payment upon the tax, under G. L. (Ter. Ed.) c. 59, §§ 64, 65, as amended.  By St. 1938, c. 478, § 3 (G. L. [Ter. Ed.] c. 59, § 65B), where a tax on a parcel of real estate exceeds $1,000, a payment, generally of half the tax, must be made as a condition of appeal to the Appellate Tax Board. [1]  It is settled that such a payment may constitutionally be made a condition of a hearing upon an application or an appeal for abatement, regardless of the financial condition of the taxpayer.  *Old Colony Railroad* v. *Assessors of Boston,* 309 Mass. 439.  *Lincoln Hotel Co.* v. *Assessors of Boston,* 317 Mass. 505.  We remain satisfied with those decisions, which are decisive as to the present objection raised by the respondent.

The respondent contends that the assessments in question were invalid because the description of the property assessed was inadequate.  At most the variances from the correct area were one thousand seven hundred forty-five square feet as to parcel 1, out of an area of eighty-nine thousand seventy-nine square feet; four hundred forty-one square feet as to parcel 3, out of an area of nine thousand nine hundred forty-four square feet; and two hundred eighteen square feet as to parcel 4, out of an area of three thousand two hundred fifteen square feet.  The locations of the parcels in the assessment book were sufficient to identify them.  In *Roberts* v. *Welsh,* 192 Mass. 278, 280, this court said that the statutes do not intend that the description in a valuation list "should necessarily be accurate in detail for the purpose of a conveyance.  It is enough if it fairly designates, for the information of those interested, the property intended to be taxed."  See also *Lenox* v. *Oglesby,* 311 Mass. 269, 275. The judge was right, we think, in finding that the taxpayer knew what property was being assessed, and was not misled. *Franklin* v. *Metcalfe,* 307 Mass. 386, 389, 390.  *Boston* v. *Boston Port Development Co.* 308 Mass. 72, 78.

The respondent raised, but did not argue in this court, the

---

[1] The Appellate Tax Board had ruled that, under the statutes above cited, it had no jurisdiction of appeals which the respondent had attempted to take. — REPORTER.

point that the abatement of the taxes for the years 1930, 1931 and 1932 prevented the tax taking from being lawful. Of course the abatements destroyed any tax lien for the taxes of those years. No later sale or taking for those years was ever made. Nothing in that transaction prevented the taking in question for nonpayment of the taxes of later years. See *Newton* v. *Noone*, 319 Mass. 374.

The land in question was sold by the collector of taxes to the city of Lowell on March 17, 1937, but on petitions to foreclose the rights of redemption from that tax sale the Land Court, on May 21, 1942, held the tax title conveyed by such sale to be invalid, and the petitions were dismissed. After disclaimers of such tax title, a new taking was made on August 17, 1942. The respondent contends that the assessments of taxes to it for the years 1937 to 1941, inclusive, were void, because such assessments should have been made to the city of Lowell as the holder of the tax titles which were held to be invalid as stated above.

By G. L. (Ter. Ed.) c. 60, § 78, "Before foreclosure or redemption, taxes on land taken or purchased by a town shall be assessed to the person to whom they would be assessed if the land had not been so taken or purchased." This section was repealed by St. 1936, c. 194. By G. L. (Ter. Ed.) c. 59, § 11, taxes on real estate were assessable to the person who was either the owner "or in possession thereof," and it was provided that the record owner shall be deemed to be the true owner, "and so shall the person so appearing of record under a tax deed not invalid on its face." The quoted portions of the section were omitted when it was revised by St. 1936, c. 92. Accordingly, when the section was again revised by St. 1939, c. 175, real estate was made taxable to the "owner," and the record owner was deemed the true owner. We think that these statutory changes made it impossible after 1936 to tax real estate to a tax title holder. See Nichols, Taxation in Massachusetts (3d ed. 1938) 267, 268. Apparently the right to assess land to a tax title holder was the creature of express statute, and ceased when an express provision permitting such taxation was no longer to be found in the statute. *Burr* v. *Boston,*

208 Mass. 537, 543.  We think the judge was right in ruling that the "taxes for the years 1937 to 1941, inclusive, were properly assessed to Marden & Murphy, Inc."

General Laws (Ter. Ed.) c. 60, § 53, as appearing in St. 1933, c. 164, § 3, provides that notice of the intention of the collector to take land for nonpayment of taxes shall be posted "in two or more convenient and public places."  In the present case one notice was posted on the sign designating the office of the city treasurer and collector in the corridor of the Lowell city hall, and it is not questioned that that was a convenient and public place.  The controverted question arises as to the other notice, which was posted in the men's reading room of the Lowell public or city library. It is not contended that that was not a "convenient" place.  The respondent contends that as women would not be likely to visit the men's reading room, it was not a "public place."  But it does not appear that women were excluded.  The term "public" as applied to place, is not an absolute but a relative term, used in contradistinction to the term "private."  *Cahoon* v. *Coe*, 57 N. H. 556, 595. *Bowker* v. *Semple*, 51 R. I. 142, 147, 148.  Surely the men's reading room could not be called a "private" place.  The only purpose of posting is to make it probable that knowledge of the proposed taking will reach the persons interested in the land.  We think that the men's reading room was a "public place" within the meaning of the statute, even though it was not as completely public as some other places. The fact that in the collector's affidavit of the posting he stated that one notice was posted in the "reading room" instead of in the "men's reading room," is immaterial. Under the statute the fact as to the posting may be proved apart from the affidavit.  G. L. (Ter. Ed.) c. 60, § 57. *Southworth* v. *Edmands*, 152 Mass. 203, 208.

In the Land Court the respondent contended that the takings were invalid because at the time and place of taking the notice was not read and the collector did not state that the land of Marden & Murphy, Inc., was being taken. This point was merely mentioned in the brief of the respondent in this court, but was not argued, and conse-

quently is treated as waived. *Commonwealth* v. *Gale*, 317 Mass. 274, 276.

The respondent contends that the collector of taxes was not lawfully authorized and qualified to make the tax taking in question. General Laws (Ter. Ed.) c. 60, § 13, as appearing in St. 1941, c. 308, provides that the collector, before the commitment to him of any taxes of any year, shall give a bond or bonds for the faithful performance of his duties "in a form approved by the commissioner" of corporations and taxation, and in such sum "as shall be fixed by the . . . mayor and aldermen," whose powers the city council possess. The bonds given by the collector under that statute for the years 1940, 1941 and 1942 were approved by the commissioner and by the city council. Findings of fact to that effect were made by the judge. Besides, we think that the statute requiring bonds is intended for the protection of the city and is of no concern to the taxpayer. *Boston* v. *Barry*, 315 Mass. 572, 578.

The respondent contends that the taking was invalid as to parcel 1 because two contiguous parcels separately assessed were advertised and taken in one proceeding and as a single parcel. In 1938 a part of parcel 1, containing sixty-nine thousand three hundred thirty-nine square feet, was assessed to the respondent, and the remainder, containing nineteen thousand seven hundred forty square feet, was assessed to Proprietors of Locks and Canals on the Merrimack River, and was re-assessed to the respondent on March 31, 1939. In *Marlborough* v. *Poorvu*, 305 Mass. 124, a tract of land which could have been taxed as a unit was in fact assessed in three separate though contiguous parcels. It was held that a tax lien covers only the same unit as the assessment, and that the whole tract could not be sold as a whole for nonpayment of the combined tax upon the three parcels. See also *Shruhan* v. *Revere*, 298 Mass. 12. The judge was right in ruling the tax taking invalid as to parcel 1, and in dismissing the petition as to that parcel.

But we think that he was right in deciding in favor of the petitioner as to the other parcels. The respondent has presented to us a motion, assented to by the petitioner, to add

to the record a transcript of the evidence, on the theory that this proceeding is in equity. See *Lynn Institution for Savings* v. *Taff*, 314 Mass. 380; *Harrington* v. *Anderson*, 316 Mass. 187; *Wareham Savings Bank* v. *Partridge*, 317 Mass. 83, 84. But without the transcript the record before us is sufficient to enable us to decide the case, and the result would not be changed if we were to consider the transcript. Since no useful purpose would be served by adding to the record, we deny the motion pro forma, without deciding the question of practice argued.

*Decision affirmed.*