TOWN OF SHARON *vs.* BERTHA KAFKA
(and a companion case).

Suffolk. May 9, 1984. — September 14, 1984.

Present: GREANEY, C.J., CUTTER, & DREBEN, JJ.

*Taxation*, Real estate tax: foreclosure of right of redemption. *Land Court*, Vacation of decree.

Where petitions to vacate decrees foreclosing all rights of redemption in certain land taken for nonpayment of taxes by a town were filed more than four years after final entry of the decrees, and where a judge of the Land Court ordered those decrees vacated without findings or opinion, this court vacated the judge's orders and remanded the cases for findings and, in the discretion of the judge, further proceedings. [542-544]

PETITION to vacate decrees of foreclosure filed in the Land Court on March 5, 1981.

The case was heard by *Randall*, J.

*James E. Coppola* for the plaintiff.

*Burton L. Schafer*, for the defendant, submitted a brief.

DREBEN, J. General Laws c. 60, § 69A, provides that "[n]o petition to vacate a decree of foreclosure entered under section sixty-nine . . . shall be commenced . . . except within one year after the final entry of the decree."[1] Two decrees foreclosing and barring all rights of redemption in certain land taken for nonpayment of taxes by the town of Sharon entered on October 19, 1976. Those decrees were vacated without findings or

---

[1] The full text of § 69A, inserted by St. 1945, c. 226, § 2, reads as follows: "No petition to vacate a decree of foreclosure entered under section sixty-nine and no proceeding at law or in equity for reversing or modifying such a decree shall be commenced by any person other than the petitioner except within one year after the final entry of the decree if the decree is entered on or after September first, nineteen hundred and forty-five or within one year after said date if the decree was entered prior to said date."

opinion by a judge of the Land Court on petitions to vacate filed on March 5, 1981. The town appeals from the orders vacating the decrees. We vacate those orders and remand the cases for further proceedings.

The petitions to vacate alleged the following reasons for vacating the decrees: "[T]hat prior to and subsequent to the taking for taxes Respondent was an elderly widow and suffering from severe physical disabilities and had several prolonged hospitalizations and was subjected to brain surgery and was incapable of handling her personal affairs; and died in 1980." Other allegations are set forth in the margin.[2]

This record does not show a basis for the judge's vacating of the decrees. Even before the passage of G. L. c. 60, § 69A, in 1945, the Supreme Judicial Court had stated that a petition to vacate a prior decree foreclosing the right of redemption under a tax title is "extraordinary in nature and ought to be granted only after careful consideration and in instances where . . . [it is] required to accomplish justice." *Lynch* v. *Boston*, 313 Mass. 478, 480 (1943).

By enacting St. 1945, c. 226 (inserting G. L. c. 60, § 69A), which is entitled "An Act relative to the conclusiveness of decrees foreclosing tax titles," the Legislature obviously intended to limit the time during which a decree could be challenged[3] and the limitation period was "designed to limit the

---

[2] The other allegations were: "partial payments of taxes amounting to over $10,000 on other contiguous property owned by her were made (See Land Court Tax Lien Case No. 54922); and these partial payments were intended to cover not only the land assessed in Case 54922, but this land and also land in Land Court Case No. 52059 [52060 in the companion case], similarly foreclosed, but said payments were applied to cover interest and taxes in Case 54922 only. Respondent is ready, willing and able to pay Petitioner all sums due at the time of the said foreclosure plus any other sums which the Court deems appropriate to redeem the land foreclosed in this case.

"Although separately assessed all of the land in the three cases involved constitute, in fact, one tract.

"There are no intervening parties at interest to this matter."

[3] The title of an act may be considered in determining its purpose. See *Silverman* v. *Wedge*, 339 Mass. 244, 245 (1959); *Trustees of Boston Univ.* v. *Assessors of Brookline*, 11 Mass. App. Ct. 325, 329 n.6 (1981).

right as well as the remedy." *Whitehouse* v. *Sherborn*, 11 Mass. App. Ct. 668, 673 (1981). *Wine* v. *Commonwealth*, 301 Mass. 451, 455-456 (1938), and cases cited.

What we said in *Whitehouse, supra* at 671, with regard to eminent domain statutes applies with equal force to takings for nonpayment of taxes. "Underlying the statutes are important public policy considerations, the most obvious of which is the need for an efficient and final determination of any dispute regarding a public landtaking, so that title to the land taken can be settled." See generally Park, Real Estate Law § 792 (1981 & Supp. 1982). See *Eldredge* v. *Selectmen of Brewster, ante* 502, 506-507 (1984). The Legislature appears to have determined that the public interest in marketable titles for tax takings "outweighs considerations of individual hardship" after one year. See *Hardisty* v. *Kay*, 268 Md. 202, 208 (1973).

Incapacity or mental illness might serve as a ground for a judge's exercise of discretion to vacate a judgment where a petition is brought within the one-year limit. See *Herlihy* v. *Kane*, 310 Mass. 457, 459 (1941). Under the statutory language we think the judge here was given no power to exercise such discretion after that time. See *Lancaster* v. *Foley*, 15 Mass. App. Ct. 967, 969 (1983).

There may be, however, circumstances which justify vacating the decrees and, in the absence of findings, which we think are necessary in this case, we do not know the reason for the action taken by this experienced trial judge. Accordingly, we reverse and remand for findings. The judge may hold such hearings as he deems appropriate and may in his discretion permit the petitioners to file amended petitions if they can, consistently with S.J.C. Rule 3:07, DR7-102, as appearing in 382 Mass. 785 (1981), show that they come within the rule of *Covey* v. *Somers*, 351 U.S. 141, 146-147 (1956), or within the rule of other decisions involving the denial of due process of law in analogous circumstances. In the *Covey* case a factual showing that the petitioner was "incompetent" and "without the protection of a guardian," and that "the town authorities knew her to be an unprotected incompetent" when notice was sent to her permitted the vacating of a decree on due process grounds. Com-

pare *Stubbs* v. *Cummings*, 336 So.2d 412, 415-416 (Fla. Dist. Ct. App. 1976), with *In re Consolidated Return of Tax Claim Bureau of the County of Delaware*, 75 Pa. Commw. 108 (1983) (knowledge by town apparently not required). See *Goldmyrtle Realty Corp.* v. *Woellner*, 36 A.D.2d 968, 969 (N.Y. 1971). Cf. *Commonwealth* v. *Olivo*, 369 Mass. 62, 69 (1975). If there was a denial of due process, the stricture of § 69A would not apply. See *Chapin* v. *Aylward*, 204 Kan. 448, 455 (1970), holding that a provision somewhat similar to G. L. c. 60, § 69A, "must give way . . . where the facts clearly establish a denial of due process of law."

The orders vacating the decrees are vacated and the cases remanded for further proceedings consistent with this opinion.

*So ordered.*