SHERIFF'S MEADOW FOUNDATION, INC. vs. BAY-COURTE
EDGARTOWN, INC. & others.

Dukes County. November 4, 1987. — December 14, 1987.

Present: HENNESSEY, C.J., LIACOS, NOLAN, & O'CONNOR, JJ.

*Real Property*, Ownership, Record title, Tax title. *Taxation*, Real estate
    tax: tax taking. *Laches*.

In an action to recover possession of a certain parcel of land and establish title
    to it, the evidence was sufficient to warrant the judge's conclusion that
    the plaintiff had carried its burden of proving title. [269]
Where, in an action to establish title to a certain parcel of land, the judge
    concluded on substantial evidence that the chain of title on which the
    defendants relied did not encompass the locus, the defendants were not
    aided either by G. L. c. 60, § 80C, designed to cure procedural defects
    in conveyances by municipal treasurer's deeds after tax takings [269-
    270], or by the doctrine of laches [270].

CIVIL ACTION commenced in the Land Court Department
on June 5, 1984.

The case was heard by *Marilyn M. Sullivan,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Enid M. Starr* (*Roger T. Manwaring* with her) for the defend-
ants.

*Jane D. Kaplan* (*Ivo Meisner* & *Eric L. Peters* with her)
for the plaintiff.

NOLAN, J. In its complaint filed in the Land Court, the
plaintiff seeks to recover possession of real property in Edgar-
town under G. L. c. 237, § 1, and to quiet title to it under
G. L. c. 240, §§ 6-10. The defendants filed answers denying
the title claimed by the plaintiff. Following a trial, a judge of
the Land Court found for the plaintiff and a judgment was
entered that the plaintiff had established sufficient title of record

to the locus in dispute. A motion for relief from judgment was filed by the defendants and, after hearing, was denied. Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974). An amended judgment was entered describing the boundaries of the locus. The defendants appealed. We allowed an application for direct appellate review. We affirm.

There are three principal issues which we shall treat after an exposition of the material facts: (1) the plaintiff's title; (2) the effect of G. L. c. 60, § 80C; and (3) laches.

The testimonial evidence, in the main, came from an official of the board of assessors of Edgartown, surveyors, and from real estate title experts for both the plaintiff and the defendants. Survey plans and deeds were also introduced in evidence. From the judge's decision, which will not be disturbed unless it is clearly erroneous (Mass. R. Civ. P. 52 [a], 365 Mass. 816 [1974]), we learn that the plaintiff acquired title to the locus by three deeds recorded in 1982, 1983, and 1984, respectively. The defendant, Bay-Courte, claims title to the locus through its predecessor in title, a codefendant, Patricia A. Lett.[1] Lett caused a plan (Vineyard Acres II) to be drawn which showed an area of 234.7 acres divided into 148 building lots and certain common areas. This acreage includes the locus. The other defendants derive whatever title they have from Lett.

Dean R. Swift, a registered land surveyor, prepared an initial plan and, after further investigation, developed a new survey which revealed the locus as consisting of approximately thirty-nine acres, representing lot 39 and a substantial portion of lot 38 in what was known as First Division of Old Purchase.

The plaintiff claims, and the judge found, that the plaintiff is the owner of this locus. The origin of the plaintiff's claim of title was traced to 1810 in the case of Lot 38 and to 1839 in the case of Lot 39. The judge noted some flaws in the plaintiff's title, but none that were irreversible, or that militated against a finding for the plaintiff, or that enhanced the title of the defendants.

---

[1] Lett filed a notice of appeal. A stipulation of dismissal of her appeal was later entered in this court.

To the defendants, of crucial importance is the alleged title of Andrew E. Hathaway, acquired in 1916. Hathaway conveyed to Thomas P. Payne who died in 1937. In 1938, the town made two takings — one consisting of eighty acres, the other of 190 acres — of parcels assessed to Payne for nonpayment of taxes. An affidavit of low value for the land in both takings was recorded with treasurer's deeds to Edward T. Vincent and Olive G. Prada dated and recorded in 1941.

The defendants' claim of title rests on these takings from Payne. The judge found that these takings did *not* encompass the locus. This finding is the crux of the case. The defendants argue that G. L. c. 60, § 80C, inserted by St. 1986, c. 283, cures any defects in these takings. We do not agree for reasons set forth later in this opinion.

1. *The plaintiff's title.* It is important to note that the plaintiff has the burden of establishing its title and not simply by demonstrating the weaknesses or nonexistence of the defendants' title. The plaintiff's burden requires the plaintiff not merely to demonstrate better title to the locus than the defendants possess, but requires the plaintiff to prove sufficient title to succeed in its action. *Butrick* v. *Tilton*, 141 Mass. 93, 96 (1886). There was sufficient evidence to warrant the judge's conclusion that the plaintiff had carried this burden despite certain flaws, which the judge acknowledged. The plaintiff's claim of title runs in part from 1810 and as to the balance of the land from 1839.

2. *Effect of G. L. c. 60, § 80C.* The defendants argue that whatever defects plagued the tax takings of the Hathaway-Payne property they were cured by operation of G. L. c. 60, § 80C, set out in full in the margin.[2] The argument is flawed.

---

[2] General Laws c. 60, § 80C, inserted by St. 1986, c. 283, § 1, provides: "When any city or town has conveyed or sold any land under section seventy-nine or section eighty by an instrument in writing conveying or purporting to convey such land, and said instrument is duly recorded in the registry of deeds for the district wherein such land is situated and a period of twenty years elapses after the instrument is accepted for record, and the notice or procedure for the taking and sale or conveyance under this chapter or the instrument or record thereof because of a defect, irregularity, or omission, fails to comply in any respect with any requirement of law relating thereto or the instrument or record thereof shall, notwithstanding such de-

Though twenty years have lapsed from the recording of the deeds to the defendants' predecessors in title without there being commenced any challenges to the defendants' claims, the statute cannot cure a defect which is founded on a want of title. It is designed to correct defects, irregularities, and omissions *in procedure* or in an instrument of taking. The statute cannot supply title which did not exist at the time of taking. See *Bartevian* v. *Cullen,* 369 Mass. 819, 821 (1971). The defendants' title rests on the title of Payne, who took a deed from Hathaway whose title derives from Jonathan F. Norton. The judge concluded on sufficient evidence that this chain of title did *not* encompass the locus and hence the defendants never acquired title to the locus through the tax takings and town treasurer's deeds.

3. *Laches.* The defendants urge us to deny recovery to the plaintiff because of laches. The plaintiff waited over forty years, so argue the defendants, before challenging the defendants' title. The short response is that laches cannot aid one who never had title. As we have already said, the tax assessment was made to one who had no title and, therefore, the subsequent taking, foreclosure, and treasurer's deeds were nullities as to the plaintiff.

*Judgment affirmed.*

---

fects, irregularities, or omissions be effective for all purposes to the same extent as though such notice or procedure or the instrument or record thereof had originally not been subject to any such defects, irregularities, or omissions, unless within said period of twenty years a proceeding is commenced on account of such defect, irregularity, or omission and notice thereof is duly recorded in said registry of deeds and indexed and noted on the margin of said instrument of conveyance and in the event of such proceeding, unless relief is thereby in due course granted."