BARRY HOMER, trustee,[1] *vs.* TOWN OF YARMOUTH. No. 95-P-119.
April 2, 1996. *Eminent Domain,* Damages. *Taxation,* Real estate tax: assessment; tax taking. *Statute,* Construction. *Repose, Statute of. Words,*
"Owner."

The outcome of this appeal turns on the correctness of the judge's ruling
regarding the proper person assessed by the town on April 1, 1932, under
the provisions of G. L. (Ter. Ed.) c. 59, § 11, as then in effect. We conclude
that the proper person was not assessed, with the result that the plaintiff is
entitled to damages for the 1987 taking of his property by eminent domain.

In brief, the facts found by the judge are these. After James M. Burr, the
owner of a portion of the vacant land later taken by eminent domain
(locus), failed to pay the town the real estate taxes assessed to him for the
year 1929 ($2.04), the collector of taxes took the locus for nonpayment of
taxes, and by collector's deed recorded on January 8, 1932, conveyed title
to Charles O. Blackwell and Frank D. Homer, subject to Burr's right of
redemption. See G. L. (Ter. Ed.) c. 60, § 62.

By deed recorded on March 31, 1932, Burr purported to convey title to
Bernard Goldfine. The judge ruled, correctly, that Burr conveyed only his
right of redemption. However, for the year 1932, the town assessed the real
estate taxes to Goldfine (the assessment date was then April 1).

Goldfine failed to pay the assessment, the town again took the locus for
nonpayment of taxes on July 16, 1934, and by deed recorded August 4,
1934, the collector purported to convey title to the town of Yarmouth. By
appropriate proceedings thereafter involving the foreclosure of tax title to
land of low value, Goldfine's equity of redemption was foreclosed in
September, 1939.

By order of taking recorded on December 15, 1987, the town took by
eminent domain more than 154 acres of land in Yarmouth, of which the
locus was a part. The plaintiff, claiming title to an eleven-twelfths interest
in the locus[2] derived from the January, 1932, tax sale deed to Blackwell
and Homer for nonpayment of taxes owed by Burr for the tax year 1929,
commenced this action for damages pursuant to G. L. c. 79, §§ 12 and 14.[3]

On these facts, the judge ruled that the August, 1934, collector's deed to
the town was not defective because the proper party, Goldfine, had been assessed, and that Goldfine's right of redemption had been foreclosed. We
disagree.

General Laws (Ter. Ed.) c. 59, § 11, as in effect on April 1, 1932,
provided that taxes on real estate shall be assessed

> "to the person who is either the owner or in possession on April first,
> and the person appearing of record, in the records of the county . . .
> where the estate lies, as owner on April first, even though deceased,
> shall be held to be the true owner thereof, and so shall the person so
> appearing of record under a tax deed not invalid on its face. . . ."

[1]Of the Marguerite E. Homer Trust.

[2]The purported holders of the remaining one-twelfth interest were
defaulted, and this appeal presents no issue regarding that matter.

[3]The judge found that the plaintiff paid real estate taxes for the years
1984 through 1987.

The plain meaning of the statute is that the tax may be assessed to any one of the following: (i) the owner or the person in possession on April 1; (ii) the person appearing of record as the owner on April 1, even though deceased; and (iii) the person appearing of record under a tax deed not invalid on its face.[4]

The word "owner" means the grantee of a deed conveying an estate in fee simple, see *Butler* v. *Stark*, 139 Mass. 19, 20 (1885) (construing Pub. Sts. c. 11, § 13,[5] the predecessor to c. 59, § 11, in the context of a collector's deed), and not the grantee of a deed which merely conveys a right of redemption. See also Crocker's Notes on the General Laws of Massachusetts 102 (1925) ("After an estate has been sold for taxes, and the deed to the purchaser has been recorded, the estate is properly assessed to the person in whom the tax title stands"). Blackwell and Homer — from whom the plaintiff's title is derived — as grantees of the January 8, 1932, collector's deed, were the proper persons to be assessed on April 1, 1932, not Goldfine who was neither the "owner" (because he acquired no more than the right of redemption, as the judge found)[6] nor the grantee of a tax deed not invalid on its face.

The town's reliance on *Lowell* v. *Marden & Murphy, Inc.*, 321 Mass. 597, 600 (1947), is misplaced. In *Lowell*, the disputed assessments were for the years 1937 through 1941. The court upheld the assessment to the defendant. The defendant argued that for the years in dispute the city should have been assessed as the then holder of the tax title. The court observed that the phrase, "and so shall the person so appearing of record under a tax deed not invalid on its face," was omitted in the revision of St. 1936, c. 92, and omitted again in the revision of St. 1939, c. 175. Thus, after 1936, there was no express statutory authorization to assess the city as the holder of the tax title. The court held that it was "impossible after 1936 to tax real estate to a tax title holder," *id.* at 600, and the defendant's argument was rejected. The holding in *Lowell*, which is based upon the absence of the express statutory authorization that is present in the case before us, has no bearing on this case.

The upshot of the matter is that on April 1, 1932, Goldfine was neither the grantee of a recorded deed which conveyed an estate in fee simple,[7] nor was he the person appearing of record under a tax deed not invalid on its face. The assessment of Goldfine was a nullity, as was the taking of Goldfine's purported title for nonpayment of taxes, and the collector's tax deed

---

[4]This last provision was introduced by St. 1915, c. 237, § 23, and subsequently deleted by St. 1936, c. 92.

[5]Chapter 11, § 13, enacted 1881, did not contain the phrase present in the 1932 version (and deleted by St. 1936, c. 92): "and so shall the person so appearing of record under a tax deed not invalid on its face."

[6]Notwithstanding the judge's finding that Goldfine acquired only a right of redemption, the judge ruled that Goldfine was the record owner on April 1, 1932, on the theory that the town's right to assess land to a tax title holder was a right and not a mandate. For the reasons stated in the text, we disagree.

[7]The city asserts that Goldfine was the "owner of record," but without explanation or citation to any authority for that assertion.

to the town. "When by its terms it is obvious that [a tax deed] does not convey a title, it fails utterly to affect the rights of the original owner. He remains the only person 'appearing of record as owner' of the property." *Conners* v. *Lowell*, 209 Mass. 111, 123 (1911).

There remains the town's argument that G. L. c. 60, § 80C, a statute of repose for the benefit of cities and towns which have recorded instruments conveying real property, cures any defect in the town's title. That argument was rejected in *Sheriff's Meadow Foundation, Inc.* v. *Bay-Courte Edgartown, Inc.*, 401 Mass. 267, 270 (1987) (Section 80C "is designed to correct defects, irregularities, and omissions *in procedure* or in an instrument of taking. The statute cannot supply title which did not exist at the time of taking" [emphasis in original]).

The judgment is reversed, and the case is remanded to the Superior Court for a determination of damages.

*So ordered.*

*Richard O. Perry* for the plaintiff.
*John C. Creney*, Town Counsel, for the defendant.