Town of Brewster *vs.* Sherwood Forest Realty, Inc. No. 99-P-1197. November 1, 2002. *Taxation,* Real estate tax: foreclosure of right of redemption. *Real Property,* Foreclosure of tax title, Tax title. *Due Process of Law,* Notice. *Public Policy. Laches.*

From a record replete with factual detail, the Land Court judge correctly determined that summary judgment should enter for the town based on the failure of Sherwood Forest Realty, Inc. (Sherwood), to take any action to vacate the Land Court foreclosure decree of 1955, despite knowing of the town's tax title claim for at least twenty-three years. General Laws c. 60, § 69A, as appearing in St. 1945, c. 226, § 2, provides that a petition to vacate a decree of foreclosure must be filed within one year after entry of the decree. "Following this one-year period, the statute imposes an absolute bar on petitions to vacate[, a bar that] protects the public's 'need for an efficient and final

---

determination of any dispute regarding a public taking, so that title to the land taken can be settled.'" *Andover* v. *State Financial Servs., Inc.* 432 Mass. 571, 577 (2000), quoting from *Sharon* v. *Kafka*, 18 Mass. App. Ct. 541, 543 (1984). Strict observance of the time limit can be excused if the entry of the decree involves a denial of due process, *Sharon* v. *Kafka, supra* at 544; *Boston* v. *James*, 26 Mass. App. Ct. 625, 630 (1988), and we can assume for purposes of decision that such a denial took place in the Land Court proceedings culminating in the 1955 decree. (No notice was given to Sherwood's predecessors in title, the heirs of James Burr, due to the examiner's failure to find the deed of transfer from Eura Williams to Burr in 1926; and when the notice sent to Williams produced a letter from Williams's brother describing the transfer to Burr, the same examiner failed to find Burr's probate records in Suffolk County. Thus, service was finally made by publication in Barnstable County addressed to Burr, then deceased for twenty years.)

As the Land Court judge observed, however, the fact that the one-year limit for redemption gives way in the face of a clear due process violation does not mean that the time is extended indefinitely. The public policy interest in giving "conclusiveness [to] decrees foreclosing tax titles," quoting from the title of St. 1945, c. 226, which inserted § 69A, must be weighed in the balance; and thus our decisions have stressed repeatedly that the time factor is properly weighed against the party challenging the tax title, *Lancaster* v. *Foley*, 15 Mass. App. Ct. 967, 968-969 (1983); *Krueger* v. *Devine*, 18 Mass. App. Ct. 397, 402 (1984); *Robertson* v. *Plymouth*, 18 Mass. App. Ct. 592, 596-597 (1984); *Lamontagne* v. *Knightly*, 30 Mass. App. Ct. 647, 657-658 (1991), especially where, as in *Lancaster* v. *Foley*, and *Lamontagne* v. *Knightly*, the party making the challenge has sat on his rights for years after hearing of the foreclosure. See, as to the effect of actual knowledge, *Vincent Realty Corp.* v. *Boston*, 375 Mass. 775, 780-781 (1978). While laches considerations could be found operative in this case, because of the efforts made by the town in conjunction with the Lower Cape Cod Community Development Corporation to develop the locus for low income housing, the principle applied in the cited cases seems not to be the strict equitable doctrine of laches but rather the statutory policy embodied in § 69A. See, e.g., *Lancaster* v. *Foley*, 15 Mass. App. Ct. at 968 ("increased difficulties of proof after such a long period"); *Sharon* v. *Kafka*, 18 Mass. App. Ct. at 543 (legislative determination that "public interest in marketable titles . . . 'outweighs considerations of individual hardship' after one year"). Whether the owner delayed unreasonably in seeking to vacate a foreclosure decree after learning of its entry is a question of fact, but we agree with the judge that the twenty-three year delay here — a time longer than the statute of limitations for recovery of land — was unreasonable delay as matter of law. Compare *Lancaster* v. *Foley*, 15 Mass. App. Ct. at 969.

There is no merit to the argument that the original tax taking was a nullity, the assessment having been made on Williams, the mortgagee, rather than on Burr, the owner. While normally the tax is assessed against the owner-mortgagor, particularly where the owner-mortgagor is in possession, the tax statutes permit assessing the tax instead to the mortgagee. See G. L. c. 59, §§ 12, 12A, 12B; *United States* v. *Springfield*, 190 F. Supp. 817, 818-819 (D. Mass. 1961) (construing a prior version of the statute). See also *Boston* v. *Quincy Mkt. Cold Storage Co.*, 312 Mass. 638, 648 (1942). Contrast *Homer* v.

*Yarmouth*, 40 Mass. App. Ct. 916, 917 (1996), in which the assessment on one who held only a right of redemption was deemed a nullity. Nor is this shown to be a case of extraordinary circumstances crying out for equitable relief, see *Sharon* v. *Kafka*, 18 Mass. App. Ct. at 543 (incapacity, mental illness); *Boston* v. *James*, 26 Mass. App. Ct. at 630; rather, Burr, according to a reference in his probate estate papers, was a "professional title holder" involved in literally hundreds of land transactions, both in Suffolk County and on Cape Cod, of uncertain purpose (see, e.g., *68 Beacon Street, Inc.* v. *Sohier*, 289 Mass. 354, 357 [1935]; *Homer* v. *Yarmouth*, 40 Mass. App. Ct. at 916). In this transaction, the same day Williams transferred title to Burr, Burr gave back what appears to have been a purchase money mortgage on which neither he nor his heirs ever made any payments; nor did they ever pay taxes to the town (the taxes continued to be paid by Williams until 1932).

While the judge initially refused to receive as part of the summary judgment record documents that were uncertified and unauthenticated, his decision makes clear that the documents were later received on the affidavit of Sherwood's counsel. It is not clear whether the Haney title examination was accepted; but no fact stated therein affects the basis for the judge's decision.

*Judgment affirmed.*

*Sarah A. Turano-Flores* for the plaintiff.
*Michael J. Princi* for the defendant.