NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-433                                        Appeals Court

        ITHACA FINANCE, LLC  vs.  WANDA E. LOPEZ & another.[1]


                        No. 18-P-433.

        Suffolk.     January 7, 2019. - May 6, 2019.

            Present:  Hanlon, Lemire, & Wendlandt, JJ.


Taxation, Real estate tax:  foreclosure of right of redemption.
    Land Court, Vacation of judgment.  Due Process of Law,
    Notice.  Practice, Civil, Vacation of judgment.  Notice,
    Tax taking.



        Petition filed in the Land Court Department on May 9, 2014.

        A motion for relief from judgment was heard by the
recorder.


        Carl E. Fumarola for the defendant.
        John Connolly, Jr., for the plaintiff.


        WENDLANDT, J.  This case requires us to construe G. L.

c. 60, §§ 62 and 63, which set forth procedures by which a

person may redeem property that has been taken for nonpayment of

_____

        [1] Wells Fargo Financial Massachusetts, Inc. (Wells Fargo),
interested party.  Only Wells Fargo has appealed.

taxes and extinguish a tax taking of the property. More specifically, we are called on to determine whether one of these procedures -- namely, recording an instrument of redemption -- is available after the assignee of the tax taking on the property has filed a petition to foreclose the right of redemption in the Land Court. Because the commencement of the foreclosure action vests exclusive jurisdiction in the Land Court with regard to the right of redemption, we hold that once a foreclosure action is commenced in the Land Court, a property may not be redeemed by paying the outstanding tax liability directly to the municipality in which the property is located; instead, a party seeking to redeem must follow the procedure specified by the Land Court.

Background. In 2005, the defendant, Wanda Lopez, granted Wells Fargo Financial Massachusetts, Inc. (Wells Fargo), a mortgage on her property (property) in the city of Lawrence (city). Lopez failed to pay real estate taxes for fiscal years 2008 and 2009 to the city. In 2009, the city assigned the municipal tax receivables on Lopez's property to Plymouth Park Tax Services LLC (Plymouth Park) as part of a bulk sale pursuant to G. L. c. 60, § 2C.[2] The assignment was duly recorded. In

---

[2] General Laws c. 60, § 2C, provides, in relevant part:

"(b) The appropriate financial official of a municipality may arrange for and assign or transfer to a purchaser the

2010, because the taxes remained unpaid, Plymouth Park effected a tax taking of the property and recorded an instrument of taking on Lopez's property.[3]  In 2014, Plymouth Park assigned the instrument of taking to the plaintiff, Ithaca Finance, LLC (Ithaca), and (like the assignment from the city to Plymouth Park) this assignment was duly recorded.

In May 2014, Ithaca filed the present action in Land Court to foreclose the right of redemption on the property.  Lopez and Wells Fargo were served with notice of the pending action.  The notice informed them that the action was to foreclose all rights of redemption and that failure to appear by no later than March 7, 2016, would result in a default, "forever barr[ing Lopez and

---

municipality's right to receive payments owed by a taxpayer on tax receivables . . . ."

Plymouth Park is a "purchaser" under this statute.

[3] Pursuant to G. L. c. 60, § 2C, as the purchaser of the tax receivable on the property, Plymouth Park was subrogated to the rights of the city to take tax title.  The relevant provision of § 2C provides:

"(e) . . . The rights and remedies of the purchaser of the right to receive payment of any individual taxpayer receivable shall be subrogated to all the rights and remedies of the municipality to receive and enforce payment of such individual taxpayer receivable and any related tax and interest accrued and to accrue thereon, including, without limitation, the right to take tax title in its own name in the same manner that the municipality is authorized to take tax titles."

Wells Fargo] from contesting said complaint or any judgment entered thereon."

Neither Lopez nor Wells Fargo entered an appearance. Instead, in February 2016, Wells Fargo contacted Plymouth Park, which referred Wells Fargo to its lien servicer, Propel Financial Services LLC (Propel). Propel, in turn, informed Wells Fargo that the instrument of taking had been redeemed. The record does not reflect the basis for Propel's statement, and Wells Fargo does not suggest that it made any payment to satisfy the taxes owed. Nonetheless, Wells Fargo received a certificate of redemption[4] in March 2016, which it recorded in May 2016 while the Land Court action was pending. There is no indication in the record that either Lopez or Wells Fargo informed Ithaca or the Land Court judge of this recording.

Meanwhile, having received no response from any interested person, Ithaca moved for a general default. The motion was allowed, and final judgment entered in June 2016. Over one year later, Wells Fargo filed a motion to vacate the judgment. The judge denied the motion, and this appeal followed.

---

[4] The certificate of redemption provided that Plymouth released the property for consideration of $11,215.16, which was the amount Ithaca had paid to Plymouth in consideration for the assignment of the tax taking.

Discussion. 1. Standard of review. A petition to vacate a judgment of foreclosure of the right of redemption is governed by G. L. c. 60, § 69A, which provides, in relevant part:

> "No petition to vacate a decree of foreclosure . . . shall be commenced by any person . . . except within one year after the final entry of the decree."

A petition to vacate a final judgment of foreclosure is "extraordinary in nature and ought to be granted only after careful consideration and in instances where [it is] required to accomplish justice" (citation omitted). Lynch v. Boston, 313 Mass. 478, 480 (1943). Absent a showing of a due process violation, strict adherence to this one-year period is mandatory. See Brewster v. Sherwood Forest Realty, Inc., 56 Mass. App. Ct. 905, 905-906 (2002). We review the denial of a motion to vacate for abuse of discretion and error of law. See Worcester v. AME Realty Corp., 77 Mass. App. Ct. 64, 67 (2010) (AME Realty).

2. Judgment void ab initio. Wells Fargo contends that the judge abused her discretion in denying its motion to vacate because, according to Wells Fargo, its motion was timely. In particular, Wells Fargo claims that the one-year period does not apply to its motion because the Land Court judgment (which otherwise started the clock running under § 69A) was void ab initio. This position rests on a novel reading of G. L. c. 60, §§ 62 and 63.

Section 62 provides two procedures by which a person who has an interest in land that has been taken due to unpaid taxes may redeem the property in the case where the tax taking has been assigned. It states, in relevant part:

> "Any . . . person [having an interest in land taken or sold for nonpayment of taxes] may . . . redeem [the same] by paying or tendering to a purchaser . . . or [its] assigns, . . . at any time prior to the filing of such petition for foreclosure, in the case of a purchaser the original sum and intervening taxes and costs paid by him and interest on the whole at said rate . . . . He may also redeem the land by paying or tendering to the treasurer the sum which he would be required to pay to the purchaser . . . ."

G. L. c. 60, § 62, second par. Pursuant to the first procedure (payment directly to the assignee), the statute expressly states that the payment to the assignee redeems the property only if it occurs "prior to the filing of such petition for foreclosure." G. L. c. 60, § 62, second par. Wells Fargo contends that because the statute does not expressly set forth that the second procedure must be effected prior to the filing of the petition for foreclosure, it can be done even after a petition to foreclose has been filed. Based on this premise, Wells Fargo maintains further that the treasurer and Plymouth Park, as the purchaser of the tax receivables on Lopez's property,[5] were

---

[5] Wells Fargo contends that Plymouth Park, as subrogee to the city pursuant to G. L. c. 60, § 2C, is authorized to issue the certificate of redemption under G. L. c. 60, § 63. See note 3 supra. We need not reach this issue, but note that § 2C provides that a purchaser (like Plymouth Park) is subrogated to

authorized to receive payments of the amounts owed and issue a certificate of redemption, which, if recorded pursuant to G. L. c. 60, § 63,[6] extinguished Ithaca's tax taking.

Notably, there is no evidence that any payments for the fiscal year 2008-2009 taxes were received by Ithaca, the city treasurer, or Plymouth Park to redeem the property either before the commencement of the Land Court action or afterward. Indeed, Wells Fargo does not contend that any payments have ever been made to satisfy the outstanding taxes at issue in this case.

Moreover, once a petition to foreclose the right of redemption has been filed, the Land Court has exclusive jurisdiction over the foreclosure of rights of redemption. See G. L. c. 60, § 64, which provides in pertinent part:

> "The title conveyed . . . by a taking of land for taxes shall be absolute after foreclosure of the right of redemption by decree of the land court as provided in this chapter. The land court shall have exclusive jurisdiction

---

only some rights of the city -- specifically, "to receive and enforce payment" of the tax receivable. G. L. c. 60, § 2C (e).

[6] Section 63 provides, in relevant part:

> "The treasurer shall receive money paid to him instead of the purchaser or assignee of a tax title . . . and give to the person paying it a certificate . . . and the recording of the certificate in said registry shall extinguish all right and title acquired under the collector's deed or evidence of taking. The treasurer shall forthwith pay over all money so paid, to the person entitled thereto as determined by him . . . ."

G. L. c. 60, § 63.

8

> of the foreclosure of all rights of redemption from titles
> conveyed by . . . a taking of land for taxes, in a
> proceeding provided for in sections sixty-five to seventy-
> five, inclusive" (emphasis added).

See also G. L. c. 185, § 1, first par., which provides in pertinent part:

> "The land court department shall have exclusive original
> jurisdiction of the following matters:  . . . (b)
> Proceedings for foreclosure of and for redemption from tax
> titles under chapter sixty."

Once a petition to foreclose the right of redemption is filed in the Land Court, "[a]ny person claiming an interest . . . shall, if he desires to redeem, file an answer [in the foreclosure action] setting forth his right in the land, and an offer to redeem upon such terms as may be fixed by the court."  G. L. c. 60, § 68.  To permit a person to redeem the tax taking by recording an instrument of redemption (as Wells Fargo did here) runs contrary to this statutory scheme.  Accordingly, we decline Wells Fargo's invitation to construe the statute to allow for this result.  See Baker Transport, Inc. v. State Tax Comm'n, 371 Mass. 872, 876 (1977) (court determines legislative intent by "an examination of the entire statutory scheme").  Instead, consistent with the statutory scheme, we construe the second procedure for redemption under G. L. c. 60, § 62, as simply permitting a change in the payee (the city treasurer instead of the purchaser or assignee); it does not alter the additional

limitation of § 62, that any payments to redeem must be made before a petition to foreclose the right of redemption is filed.[7]

Because, inter alia, Wells Fargo's recording did not extinguish the tax taking, Wells Fargo's contention that the Land Court judgment was void ab initio fails. Accordingly, the clock started running under § 69A on the date the final judgment entered, and Wells Fargo's motion to vacate, having been filed after the one-year statutory period, was untimely. Absent a showing of a due process violation, the motion was properly denied.

3. Due process. We turn next to Wells Fargo's contention that its due process rights were violated because it was led to

---

[7] Notably, in addition to setting forth the aforementioned procedures for redemption in the case where there has been an assignment of the tax taking, § 62 also sets forth a procedure for redeeming property in the case where the city effects the tax taking and has not assigned it. In such a case, a person may redeem the property by paying or tendering to the city treasurer the amount owed, but only "prior to the filing of a petition for foreclosure" under G. L. c. 60, § 65. See G. L. c. 60, § 62, first par. Thus, our construction limiting § 62 to preforeclosure action redemptions is consistent with the apparent scope of § 62. Wells Fargo points to nothing that would support the anomalous result it advocates -- namely, that in situations where there has been no assignment, or where payment is made directly to the assignee, the payments must be made prior to institution of a foreclosure action, but when the tax taking has been assigned and payment is made directly to the treasurer, the payment may be made after institution of a foreclosure action. We decline to adopt this anomalous construction in the absence of a clear indication that that was the Legislature's intent.

believe (by either Plymouth Park or Propel) that the outstanding taxes had been paid and therefore Wells Fargo believed that the recording of the certificate of redemption was effective to purge the tax taking under G. L. c. 60, § 63. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (citation omitted). Andover v. State Fin. Servs., Inc., 432 Mass. 571, 574 (2000). Here, there can be no doubt that Wells Fargo received due process.

First, Wells Fargo had, at the least, constructive notice of the assignment from Plymouth Park to Ithaca at the time Wells Fargo alleges it received the misleading notice from Propel, the lien servicer for Plymouth Park. See Bank of Am., N.A. v. Casey, 474 Mass. 556, 560-561 (2016) (recorded mortgage provides constructive notice). Both the assignment from the city to Plymouth Park and the assignment from Plymouth Park to Ithaca were recorded.

Second, Wells Fargo received actual notice of Ithaca's petition to foreclose the right of redemption. The notice warned that failure to appear could result in a default judgment against it. Rather than appear in the Land Court action, Wells

Fargo determined to record a certificate of redemption it had received knowing that (i) it had not paid anything to anyone in relation to the tax debt, (ii) Ithaca was the owner of the tax taking, (iii) Ithaca had commenced an action in the Land Court to foreclose any right of redemption, and (iv) Wells Fargo's failure to appear in the Land Court action would result in a default judgment against it.  On this record, Wells Fargo has not shown a due process violation.  See AME Realty, 77 Mass. App. Ct. at 67.[8]

Order denying motion to
vacate judgment affirmed.

---

[8] To the extent that we have not specifically addressed any argument raised by Wells Fargo on appeal, these arguments "have not been overlooked.  We find nothing in them that requires discussion."  Commonwealth v. Brown, 479 Mass. 163, 168 n.3 (2018), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).