■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MASON, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered October 29, 1975, upon a verdict convicting defendant of the crime of burglary in the third degree. Defendant initially urges that his conviction should be reversed because it is based, at least in part, on perjured testimony. Clearly there are contradictions between Officer Pariseau's testimony at the trial and his statements taken from police broadcast tapes made and recorded while the officer was pursuing the fleeing burglar. However, these inconsistencies do not establish that Pariseau perjured himself as a matter law; they merely raise the question of his credibility which was for the jury's resolution. Defendant also contends that the trial court committed error by failing to charge criminal trespass (Penal Law, § 140.10) as a lesser included offense. However, even assuming *arguendo* that this assertion is correct (see *People v Henderson,* 49 AD2d 978), nevertheless, on the instant record any error was harmless and does not require a new trial *(People v Crimmins,* 36 NY2d 230). We have examined defendant's additional contentions and find them to be without merit. Judgment affirmed. Koreman, P. J., Sweeney, Larkin, Herlihy and Reynolds, JJ., concur.