VINCENT REALTY CORPORATION *vs.* CITY OF BOSTON.[1]

Suffolk. October 7, 1977. — July 13, 1978.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Taxation*, Real estate tax: foreclosure of tax title, redemption. *Notice*. *Land Court*, Foreclosure of tax title.

Failure of the Land Court under G. L. c. 60, § 66, to notify by registered mail a corporation claiming an interest in land of the pendency of a petition by a city for foreclosure of all rights of redemption from its tax title, acquired by virtue of takings for nonpayment of taxes assessed to the corporation, did not warrant vacating the final decree barring all rights of redemption upon a petition by the corporation, since "all persons appearing to be interested" had been notified, and since the corporation had actual notice of the foreclosure proceedings through one in control of the premises and his son-in-law; the decree vacating the decree of foreclosure was reversed and the decree of foreclosure reinstated. [779-781]

---

[1] The petitioner Vincent Realty Corporation did not file an appellate brief. The appellant city argues in its brief that the lis pendens procedure utilized in this case violates the due process clause of the Fourteenth Amendment to the Constitution of the United States. In response to our invitation for amicus briefs on this issue, briefs were submitted by David Zussman and Michael Perry, trustees of the 1856 Beacon Street Trust and the Master Realty Trust, respectively, and by Nick Haddad, individually and as trustee of the Foster Realty Trust.

PETITION filed in the Land Court on May 20, 1975.

The case was heard by *Fenton*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Mack K. Greenberg*, Assistant Corporation Counsel (*Herbert P. Gleason*, Corporation Counsel, with him) for the city of Boston.

*F. Anthony Mooney*, for Nick Haddad, individually and as trustee of the Foster Realty Trust, amici curiae, submitted a brief.

*Alex H. MacDonald*, for David Zussman, trustee of 1856 Beacon Street Trust & another, amici curiae, submitted a brief.

LIACOS, J. This is an appeal by the city of Boston from a decision of a judge of the Land Court vacating a final decree which foreclosed all rights of redemption in the properties in question.[2] The city also claims error in the denial of its "motion to discharge" the lis pendens recorded in the Suffolk registry of deeds by Vincent Realty Corporation (Vincent Realty). We transferred this case from the Appeals Court on our own motion.

The facts of this case, taken from the judge's findings, are as follows: Several years ago George V. Wattendorf and Lois T. Wattendorf, then husband and wife, owned as tenants by the entirety two parcels of land located at 161 and 175 Florence Street, in the West Roxbury district of Boston. On September 20, 1966, all the interest of George V. Wattendorf (Wattendorf) in these properties was attached by one Marie T. Little (Little) in an action at law brought against him. On September 30, 1968, Wattendorf and his then wife conveyed all their interest in the properties, which were still subject to attachment as to Wattendorf's interest therein, to Vincent Realty. The judge found that

---

[2] The judge denied Vincent Realty Corporation's petition to vacate the city's foreclosure decree in the companion Land Court case that was consolidated for trial. No appeal was taken from this aspect of the Land Court's decision.

the properties, although owned of record by Vincent Realty, were at various times material to these proceedings controlled by Wattendorf. Vincent Realty failed to pay the 1969 real estate taxes on these properties.

Several more transactions affecting the properties in question followed. On April 9, 1970, the administrator of the Little estate obtained an execution against Wattendorf for an amount in excess of $22,000. In June, 1970, at a sheriff's sale held pursuant to the execution, Wattendorf's interest in the properties was sold to the administrator of the Little estate. On March 19, 1971, the city, acting pursuant to G. L. c. 60, § 53,[3] made tax takings of the said properties. The tax deeds recite that demand for payment of the 1969 taxes was made on Vincent Realty, the assessed owner as of January 1, 1969, and that notices of the tax takings were published as required by law. On June 18, 1971, Mr. Joseph W. MacDonald (MacDonald), an attorney who represented Vincent Realty, acquired the property from the Little estate. At the same time, Vincent Realty assigned whatever interest it had in the properties, including the equity of redemption, to its attorney, Mr. MacDonald. This instrument contained no seal or any recital of a seal but was acknowledged before a notary public. When recorded it was accompanied by a corporate vote authorizing the assignment. Subsequently, Mr. MacDonald deeded the properties to Joseph Tibbetts, Wattendorf's son-in-law.

Pursuant to G. L. c. 60, § 65, more than two years from the date of takings,[4] the city, in 1974, petitioned the Land

_____

[3] General Laws c. 60, § 53, as amended through St. 1970, c. 85, as relevant, reads as follows: "If a tax on land is not paid within fourteen days after demand therefor and remains unpaid at the date of taking, the collector may take such land for the town, first giving fourteen days' notice of his intention to exercise such power of taking, which notice may be served in the manner required by law for the service of subpoenas on witnesses in civil cases or may be published . . . ."

[4] Section 65, providing for the foreclosure of the rights of redemption under a tax title, was amended after the tax takings here. St. 1971, c. 716, § 1. Presently, a petition for foreclosure may be brought six months, rather than two years, after a sale or taking for taxes. G. L. c. 60, § 65, as amended through St. 1973, c. 1215, § 5.

Court for a final decree of foreclosure barring all rights of redemption. Vincent Realty did not receive notice by registered mail, see G. L. c. 60, § 66, since the Land Court examiner did not list Vincent Realty as a party in interest. The city did cause to be published in the Boston Herald American notice of the foreclosure proceeding. Mr. MacDonald and Tibbetts received registered mail notice. Tibbetts answered, claiming the right to redeem. The court entered a finding allowing Tibbetts to redeem the properties, provided he paid all sums due the city on or before December 12, 1974, but on his failure to do so, a final decree was entered on December 26, 1974, barring all rights of redemption. G. L. c. 60, § 69.

On May 20, 1975, Vincent Realty filed its petition seeking to vacate the final decree. G. L. c. 60, § 69A. The petition was subsequently amended to allege that Vincent Realty was deprived of its right to redeem the properties, located at 161 and 175 Florence Street, since it was not notified under G. L. c. 60, § 66, of the foreclosure proceedings. On May 21, 1975, Vincent Realty caused to be recorded in the Suffolk registry of deeds a lis pendens involving the properties in question. G. L. c. 184, § 15.

After an evidentiary hearing the judge found that Vincent Realty appeared to have an interest in the properties because the purported conveyance of its property interest to Mr. MacDonaid was invalid for want of a seal. Viewing the question of the allowance of the petition to vacate as "one of legal and not solely discretionary significance," the judge vacated the final decree of foreclosure on the ground that Vincent Realty did not receive notice of the proceedings by registered mail. See G. L. c. 60, § 66.[5] Further, the judge denied the city's motion to discharge the lis pendens and afforded Vincent Realty an opportunity under G. L. c. 60 to appear and answer the original petition to foreclose. The city

---

[5] In the consolidated action involving other property on Florence Street, the judge denied Vincent Realty's petition to vacate on the ground that the corporation did receive notice by registered mail.

appealed from the decision vacating the decree of foreclosure. We reverse this decision.

1. A city or town is entitled to levy and collect its taxes and thus may take and foreclose a tax title on the land as provided by statute. The relevant statute here is G. L. c. 60, § 66, as amended by St. 1935, c. 224, § 1. On the filing of a petition for foreclosure of right of redemption under a tax title, the Land Court must select an official examiner to make "an examination of the title sufficient only to determine the persons who may be interested in the same" so that "all persons appearing to be interested" may be notified by registered mail. The statute goes on to provide that "[s]uch other and further notice by publication or otherwise shall be given as the court may at any time order." This notice shall contain a statement that "unless the party notified shall appear and answer within the time fixed a default will be recorded, the petition taken as confessed, and the right of redemption forever barred."

The Land Court examiner's title report in this case contained a copy of the assignment, appearing of record in the chain of title, in which Vincent Realty purported to convey its interest in these properties to its attorney, Mr. Joseph W. MacDonald. Although this assignment may have been argued to be invalid in a possible dispute between Vincent Realty and Mr. MacDonald for lack of the legal formality of a seal or a recital thereof, the examiner in his report reasonably relied on Vincent Realty's recorded transfer of its property interest, if any, to Mr. MacDonald. Consequently, the examiner did not list Vincent Realty as a party appearing to have an interest in the properties. This report was accepted by the Land Court as the basis for determining the parties to be notified by registered mail pursuant to the requirements of G. L. c. 60, § 66. There was no error in following this procedure as all the statutory requirements were met.

The result we reach is buttressed by the fact that not only were "all persons appearing to be interested" notified pursuant to G. L. c. 60, § 66, but Vincent Realty had actual notice of the foreclosure proceedings. Thus, no extenuating

circumstances existed here to warrant a reopening of the case under G. L. c. 60, § 69A.[6] Cf. *West* v. *Selectmen of Yarmouth*, 345 Mass. 547 (1963). Although the judge below made no finding that Vincent Realty had actual notice of the tax lien foreclosure proceedings, his subsidiary findings lead to the conclusion that Vincent Realty knew or should have known of the proceedings. In 1971, the city made takings of the two land parcels for nonpayment of 1969 taxes assessed to Vincent Realty. Vincent Realty was thus alerted that title had vested in the city (G. L. c. 60, § 54), and that the city could foreclose the right to redeem according to statute. This in itself would be insufficient notice, but the subsidiary findings indicate Vincent Realty did in fact learn of the pendency of proceedings brought by the city to foreclose the right of redemption. Wattendorf clearly controlled the properties at 161 and 175 Florence Street, even though owned of record by Vincent Realty, and then Joseph Tibbetts. Tibbetts, Wattendorf's son-in-law, had in the past represented Vincent Realty and maintained a close business relationship with it. The Land Court notified Tibbetts by registered mail of the foreclosure proceedings, and Tibbetts appeared and answered. The answer filed by Tibbetts was acknowledged before Wattendorf, as notary public.[7] Publi-

---

[6] Vincent Realty brought its petition to vacate pursuant to G. L. c. 60, § 69A, inserted by St. 1945, c. 226, § 2. This section provides that "[n]o petition to vacate a decree of foreclosure . . . shall be commenced by any person other than the petitioner except within one year after the final entry of the decree." Section 69A does not give one the automatic right to redeem, but sets the time period within which petitions to vacate should be brought. In *Lynch* v. *Boston*, 313 Mass. 478, 480 (1943), quoting from *Russell* v. *Foley*, 278 Mass. 145, 148 (1932), we stated that a petition to vacate a prior decree foreclosing the right of redemption under a tax title is "extraordinary in nature and ought to be granted only after careful consideration and in instances where they are required to accomplish justice." See *Deveney* v. *Boston*, 346 Mass. 764 (1963); *Bucher* v. *Randolph*, 307 Mass. 391 (1940).

[7] Vincent Realty makes no claim that it was unaware of its alleged equity of redemption in the properties when Tibbetts answered at the foreclosure proceedings. Even if it then thought Mr. MacDonald had received the corporation's alleged interest, Vincent Realty, and not the city, should shoulder the burden of making further inquiry into the state of the title

cation of notice of the proceedings also took place as provided by G. L. c. 60, § 66. It would be exalting form over substance to require notice by registered mail to Vincent Realty in light of its actual notice of the proceedings. A sufficient nexus existed among Wattendorf, Tibbetts, and Vincent Realty so that it is clear the principals of Vincent Realty received actual notice. Cf. *Baldassari* v. *Produce Terminal Realty Corp.*, 361 Mass. 738, 743 (1972); *Nelson* v. *City of New York*, 352 U.S. 103, 108-109 (1956).

2. We next consider the city's claim that G. L. c. 184, § 15, which authorizes the filing of a lis pendens, constitutes a prejudgment remedy in violation of the due process clause of the Fourteenth Amendment. We note that this issue was not raised by the parties in the lower court,[8] or argued by adverse parties on appeal. Cf. *School Comm. of Springfield* v. *Board of Educ.*, 366 Mass. 315, 345 (1974) (addendum by Tauro, C.J.),[9] cert. denied, 421 U.S. 947 (1975). Under the view we take of the merits of this case, the city will be in a position to have the lis pendens "discharged." G. L. c. 184, §§ 16, 17.

In accordance with well settled principles, we decline to reach a constitutional question not necessary to decision. See *School Comm. of Springfield* v. *Board of Educ.*, 362 Mass. 417, 445 (1972).

3. The decision below vacating the decree of foreclosure is reversed. The decree of foreclosure is to be reinstated.

*So ordered.*

---

after receiving notice that these properties were the subject of foreclosure proceedings. Cf. *Covey* v. *Somers*, 351 U.S. 141, 146-147 (1956) (insufficient notice of proceeding to foreclose a tax lien on real property in light of the town's knowledge that the owner was mentally incompetent).

[8] The city's motion to discharge the lis pendens was based on the theory that once the petitioner amended its petition to vacate, the lis pendens no longer gave notice of the claims. The judge held that an amendment to a petition, which from the outset involved a question of title to real estate, does not affect the validity of the lis pendens.

[9] Vincent Realty did not file an appellate brief, and the amicus briefs supported only the city's position.