**Paul MASON, Petitioner,**

v.

**Roger PHILLIPS, Respondent.**

No. 82 Civ. 4739.

United States District Court, S. D. New York.

Oct. 12, 1982.

## OPINION

EDWARD WEINFELD, District Judge.

This is the second petition presented to the federal courts for a writ of habeas corpus to void a state court judgment of conviction. The petitioner's first application was presented to the United States District Court for the Northern District of New York, within whose jurisdiction petitioner was then confined. The petition was dismissed upon the merits, as noted hereafter. Following his transfer from his then place of confinement to the Ossining Correctional Facility, Ossining, New York, which is within the jurisdiction of this

court, petitioner filed the instant application.

Petitioner is confined pursuant to a judgment of conviction entered in the Albany County Court, New York State, upon a jury verdict finding him guilty of the crime of burglary, third degree, and he is now serving a sentence of 3½ to 7 years. The judgment of conviction was unanimously affirmed by the Appellate Division.[1] Leave to appeal to the New York State Court of Appeals was denied on February 4, 1977. More than two years later, while confined at the Green Haven Correctional Facility, Stormville, New York, within the Northern District of New York, he applied to that court for a writ of habeas corpus pursuant to 28 U.S.C., section 2254. Petitioner alleged that: (1) his conviction was based on perjured testimony that deprived him of due process of law and rendered his trial fundamentally unfair; (2) that the trial court's denial of his request to permit the jury to hear original tapes of a broadcast police alert deprived him of a fair trial; (3) that the court's failure to direct a verdict for the petitioner violated his right to a fair trial; and (4) the trial court's refusal upon request to charge a lesser included offense of criminal trespass violated his right to a fair trial.

Following a reference by the district court to a magistrate, the district court judge approved and adopted the magistrate's recommendation. The court found that petitioner had failed to exhaust state remedies as to the second, third and fourth claims listed above since the only contentions made with respect thereto to the state appellate court presented errors under New York State law and failed to allege any violation of federal constitutional rights. Accordingly, this aspect of his petition for a writ of habeas corpus was dismissed for failure to exhaust state remedies.

■ As to his claim of the use of perjured testimony, the magistrate's report indicated that while there was some doubt that the state appellate court was sufficiently apprised of petitioner's federal constitutional contentions, since his brief cited only state court rulings, which "may impose higher standards than those held to be necessary by the Supreme Court under the corresponding Federal constitutional provision,"[2] the magistrate nonetheless concluded that the state courts had been presented with a claim of violation of petitioner's federally protected constitutional right to due process of law under the Fourteenth Amendment. However, he concluded that upon the merits petitioner's claim was without substance. He pointed out, correctly, that in the cases relied upon by petitioner the fact of perjury was clearly established, if not admitted, and further that in some instances it was committed with the knowledge or acquiescence of the prosecution. In the instant case the trial record simply establishes that a police officer's trial testimony was inconsistent with a previous unsworn statement, which discrepancy merely raised an issue of credibility. This clearly presented an issue of fact for the jury to decide.[3] The jury was both informed of the officer's prior inconsistent statement and given a transcript of it.

■ Evidently no appeal was taken from the Northern District Court's denial of Mason's petition for a writ. However, as already noted, following his transfer to Ossining Correctional Facility, he filed the instant petition, which parallels his prior petition in the Northern District Court. There can be no doubt that the second, third and fourth claims asserted have not been presented to the state courts as federal constitutional issues, and petitioner has not exhausted state remedies with respect

1. *People v. Mason,* 55 A.D.2d 726, 389 N.Y.S.2d 427 (3d Dep't 1976).

2. Citing *People v. Isaacson,* 44 N.Y.2d 511, 519–20, 406 N.Y.S.2d 714, 718–19, 378 N.E.2d 78, 82–83 (1978).

3. *Cf. United States v. Barnes,* 604 F.2d 121, 150 (2d Cir. 1979), *cert. denied,* 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980); *United States v. Kelly,* 349 F.2d 720, 780 (2d Cir. 1965), *cert. denied,* 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966).

thereto.[4]  Thus, assuming that his first claim had been properly presented to the state appellate court in federal constitutional terms and that he has exhausted state remedies with respect thereto, apart from any other factors, the petition must be dismissed since it includes both exhausted and unexhausted claims.[5]

The petition is dismissed on the additional ground that it is the second one presented to the federal courts upon the same facts.[6] The successive petition herein is frivolous and so devoid of merit that any application for a certificate of probable cause under Rule 22 of the Federal Rules of Appellate Procedure necessarily must be denied.[7]

**4.** *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

**5.** *Rose v. Lundy,* —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Gulliver v. Dalsheim,* 687 F.2d 655 at 657 – 658 (1982).

**6.** *Cf. Sanders v. United States,* 373 U.S. 1, 15– 17, 83 S.Ct. 1068, 1077–1078, 10 L.Ed.2d 148 (1963).

**7.** *Cf. Alexander v. Harris,* 595 F.2d 87, 91 (2d Cir. 1979).