TOWN OF NORTH READING *vs.* RUTH E. WELCH.[1]

No. 97-P-2377.

Suffolk. March 30, 1999. - May 21, 1999.

Present: KASS, KAPLAN, & JACOBS, JJ.

*Real Property,* Foreclosure of tax title. *Limitations, Statute of. Notice,* Tax tak-
ing. *Due Process of Law,* Notice. *Taxation,* Real estate tax: foreclosure of
right of redemption, Tax lien.

A town seeking to foreclose on property for nonpayment of taxes failed to
give notice of the proceeding to a person having an interest of record in
the real estate [819-820] and, as a consequence, the judgment of foreclosure
was vacated, but only as to the survivorship interest of that person
[820-821].

CIVIL ACTION commenced in the Land Court Department on
March 11, 1986.

The case was heard by *Peter W. Kilborn,* J.

*Judith O. Truffant* for the plaintiff.

*Robert J. Deshaies* for the defendant.

KASS, J. When foreclosing a tax title acquired for nonpayment
of real estate taxes, the town of North Reading failed to notify
Ruth E. Welch (Ruth),[2] who had a survivorship interest in the
property concerned by reason of having acquired it as a tenant
by the entirety. A judgment of the Land Court dated April 3,
1992, granted absolute title to the town. Almost five years later,
on February 10, 1997, Ruth petitioned to vacate that judgment
on the ground that she had received no notice of the tax title
proceedings. The recorder of the Land Court, acting under

---

[1]An unpublished memorandum and order under our summary disposition
rule was entered March 15, 1999, and an announcement of that decision ap-
pears at 46 Mass. App. Ct. 1117 (1999). Upon a petition for rehearing, the
panel heard argument on March 30, 1999.

[2]We use the first name, not out of undue familiarity, but to distinguish her
from her husband, whom we presently have occasion to mention.

authority of G. L. c. 185, § 6, as amended by St. 1992, c. 133, § 521, did, indeed, vacate the judgment of foreclosure and from that order the town appealed. We conclude that the recorder of the Land Court, while he was right to vacate the judgment granting absolute title to the town as to Ruth, erred in vacating the entire judgment.

Some history of the underlying transactions is necessary to understand how the legal issues posed by this appeal came about. Ruth and her husband, L. Donald Welch (Donald), had acquired the North Reading locus in 1966. They took title as tenants by the entirety. Apparently, Ruth and Donald lived in a house on an adjoining lot that they had acquired in 1960, also as tenants by the entirety. Donald's interest in the locus was attached in connection with an action against him by BayBank Merrimack Valley, N.A., an action which resulted in a judgment and execution of $40,875.30. Acting on the authority of the execution, a deputy sheriff of Middlesex County gave a deed of the locus on April 20, 1978, to Albert B. Gordon and Kenneth G. Fowler, partners doing business under the partnership name And Mac & Co.

And Mac & Co. stopped paying taxes on the locus in 1983, and on March 30, 1984, the town made a tax title taking in accordance with G. L. c. 60, §§ 53 and 54. On March 11, 1986, the town took the next statutory step, see G. L. c. 60, § 65, of filing a petition in the Land Court to foreclose all rights of redemption. The Land Court, conformably with G. L. c. 60, § 66, "cause[d] to be made by one of its official examiners an examination of the title sufficient only to determine the persons who may be interested in the same." In that purpose, the Land Court examiner failed. The examiner missed the survivorship interest of Ruth and consequently Ruth received no notice of the tax foreclosure proceedings. As mentioned at the beginning of this opinion the entry of a judgment of foreclosure of the equity of redemption in the locus occurred on April 3, 1992. The order vacating that judgment — on Ruth's petition — was entered June 12, 1997.

1. *Vacating the judgment of foreclosure.* The town argues that it was error to allow the petition to vacate the judgment of foreclosure because G. L. c. 60, § 69A, imposes a one-year limitation on bringing such a petition, a period that Ruth exceeded by more than four years. The limiting factor on the limitation, however, is a failure to give notice to a person who has an interest of record in the real estate, as did Ruth, of a

proceeding to sell that real estate for nonpayment of taxes. Such a failure is a denial of due process of law. *Mennonite Bd. of Missions* v. *Adams*, 462 U.S. 791, 799-800 (1983). *Christian* v. *Mooney*, 400 Mass. 753, 760-761 (1987), appeal dismissed and cert. denied sub nom. *Christian* v. *Bewkes*, 484 U.S. 1053 (1988). *Sharon* v. *Kafka*, 18 Mass. App. Ct. 541, 543-544 (1984). *Teschke* v. *Keller*, 38 Mass. App. Ct. 627, 633-635 (1995). That Ruth would have become aware of the foreclosure had she been a diligent reader of the local newspaper, which published a notice of the tax title taking, or of the town meeting warrant, which contained an article making the locus into a public parking lot, does not compensate for the actual notice the town needed to give. *Id.* at 634-635. See *Christian* v. *Mooney*, *supra* at 761 n.10.

2. *Proper extent of the tax title foreclosure.* Under common law, Donald, as the husband, had the right to possess and deal with the locus, and Ruth's interest was that of survivorship; i.e., Donald could convey an interest in the property, as he did, albeit involuntarily, to And Mac & Co., but if Donald died, survived by Ruth, title in the property, free of And Mac. & Co's interest, would snap back to her. See *Coraccio* v. *Lowell Five Cents Sav. Bank*, 415 Mass. 145, 148-150 (1993).[3] For a detailed discussion of the history and incidents of a tenancy by the entirety, including relatively recent statutory changes, see *Shwachman* v. *Meagher*, 45 Mass. App. Ct. 428, 430-433 (1998). The failure of the town to notify Ruth of foreclosure proceedings does not vitiate the foreclosure of And Mac & Co.'s possessory interest, which the town acquired subject to Ruth's survivorship interest. See *Gaunt* v. *Arzoomanian*, 313 Mass. 38, 40 (1943). For the town, this is a distinction with a difference. It has a possessory right to the locus. The actuarial value of Ruth's survivorship interest (Donald is still alive),

[3]By St. 1979, c. 727, the Legislature amended G. L. c. 209, § 1, touching on, among other things, some of the incidents of a tenancy by the entirety. A wife became equally entitled to the economic value of property held as tenants by the entirety and the interest in the principal residence of a nondebtor spouse was not subject to execution by a creditor of the debtor spouse. As the Welch tenancy by the entirety was created before the effective date of the 1979 act and because the locus is not the principal residence of Ruth and Donald Welch, the 1979 amendment does not affect the decision of the instant case. As to the non-applicability of the 1979 act to tenancies by the entirety created before February 11, 1980, see *Turner* v. *Greenaway*, 391 Mass. 1002, 1003 (1984). A careful discussion of the characteristics of a tenancy by the entirety at common law and the revisions worked by the 1979 amendment appears in the *Coraccio* opinion.

which the town can attempt to buy out, is likely to be less than the fair market value of the locus unencumbered.

The order vacating the judgment of foreclosure of the equity of redemption in the locus is vacated and a judgment shall enter vacating the foreclosure only as to the survivorship interest of Ruth Welch.

*So ordered.*