IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40231-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VENIAMIN NICKOLAY GAIDAICHUK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, A.C.J. — Veniamin Gaidaichuk appeals his convictions for second degree attempted rape of a child and communicating with a minor for immoral purposes. For the first time on appeal, he contends the trial court erred in giving jury instruction 3, which is the verbatim instruction taken from WPIC 3.01. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 3.01, at 92 (5th ed. 2021) (WPIC). Specifically, he contends the language "your verdict on one count *should* not control your verdict on the other count" is permissive rather than mandatory and suggested to the jury that it could consider their verdict on one count to control the verdict on the other count. We decline to review the issue because Gaidaichuk has failed to demonstrate a manifest constitutional error warranting review under RAP 2.5(a)(3). We also deny the issues raised by Gaidaichuk's statement of additional grounds and affirm the judgment and sentence.

BACKGROUND

On November 17, 2019, Gaidaichuk traveled from Bellevue to Yakima to meet with someone named "Anna" at a designated address. Anna had informed him on several prior occasions that she was thirteen years old. While Gaidaichuk was on his way, he requested a phone call and spoke with Anna about sex. When Gaidaichuk arrived at the designated address, he was greeted by an undercover police officer who was posing as Anna's friend. A few moments later, Gaidaichuk entered the home. He was charged with second degree attempted rape of a child and communicating with a minor for immoral purposes.

The case proceeded to trial. Gaidaichuk testified that he did not believe the person he was communicating with was 13 years old. During closing argument, the prosecutor explained that the basis for the communication charge was the text messages from July to November, whereas the rape charge was based on Gaidaichuk's act of driving to Yakima and entering the home with the intent to engage in sexual intercourse with a 13-year-old female. At the close of evidence, jury instruction 3 stated that "[a] separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on the other count." Clerk's Papers at 43. The jury found Gaidaichuk guilty as charged.

Gaidaichuk appeals.

No. 40231-2-III
*State v. Gaidaichuk*


ANALYSIS

JURY INSTRUCTION CHALLENGE

Gaidaichuk contends that jury instruction 3 failed to make the relevant legal standard manifestly clear for the jurors. Specifically, he argues that the use of the word "should" is suggestive rather than mandatory and suggested the jury could find Gaidaichuk guilty of both counts without finding that the State had proved each charge, thus implicating double jeopardy. The State contends we should decline review because the alleged error is not preserved or manifest. Alternatively, the State claims the error is harmless beyond a reasonable doubt. We determine the error is not manifest and decline to review it.

Generally, this court will not review a claim of error raised for the first time on appeal unless it is a "manifest error affecting a constitutional right." RAP 2.5(a)(3). Put another way, "the appellant must 'identify a constitutional error and show how the alleged error actually affected the [appellant]'s rights at trial.'" *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009) (quoting *State v. Kirkman*, 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007)). Here, Gaidaichuk did not object or make any arguments regarding jury instruction 3 to the trial court. Therefore, Gaidaichuk "must demonstrate (1) the error is manifest, and (2) the error is truly of constitutional dimension." *Id*.

For several reasons Gaidaichuk fails to meet this burden. First, he fails to demonstrate that the alleged error is truly of constitutional dimension. While he contends

3

that jury instruction 3 implicates double jeopardy, simply claiming double jeopardy does not meet the burden of RAP 2.5(a)(3). We do "not assume [an] alleged error is of constitutional magnitude." *Matter of Det. of M.S.*, 18 Wn. App. 2d 651, 655, 492 P.3d 882 (2021). Instead, we assess whether the claimed error, if true, would implicate "a constitutional interest as compared to another form of trial error." *Id.*

Gaidaichuk contends that the use of the word "should" in the jury instruction allowed the jury to consider their verdict on one count when deciding the other count, thus allowing the jury to convict him of both counts even if they were not convinced that the State had proved both charges. Even if true, this is not a double jeopardy error. "[D]ouble jeopardy protects a defendant . . . against multiple punishments for the same offense." *State v. Mutch*, 171 Wn.2d 646, 661, 254 P.3d 803 (2011) (alteration in original) (quoting *State v. Noltie*, 116 Wn.2d 831, 848, 809 P.3d 190 (1991)); *see also* U.S. CONST. amend. V; WASH. CONST. art. I, § 9. Gaidaichuk does not contend that the instruction may have led the jury to convict him twice for the same act.

In support of his double jeopardy claim, Gaidaichuk cites *State v. Sage*, 1 Wn. App. 2d 685, 695, 407 P.3d 359 (2017). In *Sage,* the court held that where "multiple counts charge the same crime against the same victim occurring during the same time period" courts must give a "separate and distinct act" instruction in order to avoid a double jeopardy violation. *Sage*, 1 Wn. App. 2d at 694-95. Unlike the defendant in

*Sage*, Gaidaichuk was charged with different crimes alleged to have occurred at different times.

Even if we were to find that Gaidaichuk raises an error that is truly of constitutional dimension, he fails to show that any such error is manifest. "'Manifest error'" is an "'error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *O'Hara*, 167 Wn.2d at 91, 100 n.1 (quoting BLACK'S LAW DICTIONARY 622 (9th ed. 2009)). Gaidaichuk makes no attempt to argue that the alleged error in this case was plain and indisputable.

STATEMENT OF ADDITIONAL GROUNDS

Gaidaichuk raises one issue in his statement of additional grounds. He contends that outrageous conduct of law enforcement officers violates his right to due process protected by the Fifth and Fourteenth Amendments to the United States Constitution. He claims this requires an evaluation with the procedure established in *State v. Lively*, 130 Wn.2d 1, 921 P.2d 1035 (1996).

As an initial matter, Gaidaichuk raises this issue for the first time on appeal. *See* RAP 2.5(a); *see also Rapid Settlements, Ltd.'s Application for Approval of Transfer of Structured Settlement Payments Rts. v. Symetra Life Ins. Co.*, 166 Wn. App. 683, 695, 271 P.3d 925 (2012) ("A defendant waives his right to assert an affirmative defense if he fails to raise the defense at trial."). However, even if we consider the issue, Gaidaichuk fails to show error.

Outrageous government conduct will be shown when the actions of law enforcement officers are "'so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction.' For the police conduct to violate due process, the conduct must shock the universal sense of fairness." *Lively*, 130 Wn.2d at 19 (internal citation omitted) (quoting *United States v. Russell*, 411 U.S. 423, 431-32, 93 S. Ct. 1637, 36 L. Ed. 2d 366 (1973)).

*Lively* outlined five factors to consider in determining whether the government's conduct was outrageous: (1) "whether the police conduct instigated a crime or merely infiltrated ongoing criminal activity," (2) "whether the defendant's reluctance to commit a crime was overcome by pleas of sympathy, promises of excessive profits, or persistent solicitation," (3) "whether the government controls the criminal activity or simply allows for the criminal activity to occur," (4) "whether the police motive was to prevent crime or protect the public," and (5) "whether the government conduct itself amounted to criminal activity or conduct 'repugnant to a sense of justice.'" *Id*. at 22 (quoting *People v. Isaacson*, 378 N.E.2d 78, 83 (1978)).

Here, there is no evidence that any of these factors are met. There is no evidence that police contacted Gaidaichuk and overcame his reluctance to meet an underage person. Although the original profile picture indicated the female in question was 29 years old, the profile was created in the persona of a 13-year-old female "Anna." Gaidaichuk, communicating from a profile with the name "Ben," sent the first message.

After an exchange of text messages, Anna revealed that she was 13 years old and Gaidaichuk continued the communication.

Nor is there evidence that the government was controlling the criminal activity, had illicit motives, or committed criminal activity to entrap Gaidaichuk. Instead Gaidaichuk made plans to meet Anna in Yakima. On his way over, he spoke with Anna by phone and the two discussed the topic of sex. When he arrived at the home, Trooper Wilcox, who had been the one texting Gaidaichuk, met him at the door. Gaidaichuk entered the residence and was arrested.

We find no evidence of outrageous government conduct.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Murphy, J.

_____
Cooney, J.