NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1266

CHERYL ROMEO

vs.

WILLIAM G. GAUTHIER, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, William G. Gauthier, Jr., appeals from the denial of his motion to vacate a judgment pursuant to foreclosure of a tax lien. On appeal, the defendant claims that (1) the plaintiff, Cheryl Romeo, failed to name an indispensable party in the complaint; (2) the defendant and his wife were denied due process; and (3) the denial of the motion violated the takings clause of the Fifth Amendment to the United States Constitution and art. 10 of the Massachusetts Declaration of Rights. We affirm.

1. Indispensable party. The defendant claims that the plaintiff failed to name Linda Gauthier who was an indispensable party in the complaint. However, the defendant raised this in

just two sentences in his brief, and he did not cite to any supporting legal authority.  Accordingly, this claim does not rise to the level of appellate argument and, therefore, it is waived.  See Donahue v. Trial Court, 99 Mass. App. Ct. 180, 187-188 (2021); Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

2.  Due process.  The denial of a motion to vacate a judgment foreclosing the right of redemption under a tax title is reviewed for abuse of discretion and error of law.  Ithaca Finance, LLC v. Leger, 99 Mass. App. Ct. 368, 372 (2021).  "No motion to vacate a decree of foreclosure . . . shall be commenced by any person other than the petitioner under section 65 after [one] year, except upon a showing that the moving party's due process rights have been violated."  G. L. c. 60, § 69A.[1]  Here, where the motion was filed after one year had passed, the judgment may only be vacated upon a showing of

---

[1] The defendant claims that Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974), sets forth the proper standard to analyze the denial of his motion.  However, he failed to cite to any legal authority that supports this proposition, and further, did not cite rule 60 (b) (6) in his motion to vacate.  Furthermore, the Supreme Judicial Court has repeatedly analyzed motions to vacate a judgment entered in a tax lien foreclosure action under the standard stated in G. L. c. 60, § 69A.  See Tallage Lincoln, LLC v. Williams, 485 Mass. 449, 469 (2020); Vincent Realty Corp. v. Boston, 375 Mass. 775, 780 n.6 (1978).  Effective November 1, 2024, G. L. c. 60, § 69A, was amended, but that amendment does not affect the application of this statute to the instant case.

denial of due process.  See Tallage Lincoln, LLC v. Williams, 485 Mass. 449, 453 (2020); North Reading v. Welch, 46 Mass. App. Ct. 818, 819-820 (1999).

The defendant claims that neither he nor his wife received proper notice of the tax title proceedings, and thus they were denied due process.  We disagree.

As an initial matter, a properly recorded deed provides constructive notice.  See Ithaca Finance, LLC v. Lopez, 95 Mass. App. Ct. 241, 247 (2019); see also Bank of America, N.A. v. Casey, 474 Mass. 556, 561 (2016).  Here, the tax collector's deed was properly recorded, and as such the defendant had constructive notice of the tax taking.

Furthermore, the Supreme Judicial Court has held that notice by certified mail satisfies due process requirements under the notice provision of our tax title foreclosure law, G. L. c. 60, § 66.  Andover v. State Fin. Servs., Inc., 432 Mass. 571, 575 (2000).  Here, the record supports that both the defendant and his wife received tax lien citations by certified mail.[2]  The defendant claims that the instant case is akin to North Reading, 46 Mass. App. Ct. at 820, where the land court

---

[2] At oral argument, defendant's counsel suggested that the signatures on the green cards, signifying receipt of notice, may not be the defendant's or his wife's.  However, neither the defendant nor his wife filed an affidavit in support of such a claim.

granted a motion to vacate judgment of a foreclosure action because an interested party did not receive proper notice of the tax title proceedings.  However, North Reading is distinguishable, as in that case the plaintiff did not send notice by certified mail, but rather via publication in a local newspaper and in a town meeting warrant.  Id.  Here, in contrast, where notice is evidenced by the recording of the tax taking and by tax lien citations delivered via certified mail, there was no due process violation.

3.  Excess equity claim.  For the first time on appeal, the defendant claims that the denial of his motion to vacate, and thus opportunity to receive alleged excess equity, was a violation of the takings clause of the Fifth Amendment of the United States Constitution and art. 10 of the Massachusetts Declaration of Rights, citing to Tyler v. Hennepin County, 598 U.S. 631 (2023).  However, "[a]n issue not raised or argued below may not be argued for the first time on appeal."  Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989).

Here, the takings claim was not properly raised in the defendant's motion to vacate, or at any point prior to this appeal.  In that posture, the issue is waived.  See Century Fire & Marine Ins. Corp., 405 Mass. at 421 n.2.  Even if it were not

4

waived, we are not aware of any authority, and the defendant has cited none, where the Tyler case has been applied to a nongovernmental entity.  Finally, we note that the city of Worcester sold the property to the plaintiff for the amount of the unpaid taxes, and it did not retain any surplus proceeds from the sale.

Order denying motion to vacate judgment affirmed.

By the Court (Meade, Neyman & Walsh, JJ.[3]),

*Paul Little*

Clerk

Entered:  October 24, 2025.

---

[3] The panelists are listed in order of seniority.